UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TERRANCE BURKE, ) | |
| ) | |
| Plaintiff, ) | No. 3:15-cv-00101 |
| ) | Judge Trauger |
| v. ) | |
| ) | |
| TENNESSEE DEPARTMENT OF ) | |
| CORRECTIONS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

# **M E M O R A N D U M**

Plaintiff Terrance Burke (#258737), an inmate at the Riverbend Maximum Security Institution in Nashville, Tennessee, brings this *pro se, in forma pauperis* action alleging condition of confinement claims and racial discrimination claims against the Tennessee Department of Correction, Derrick Schofield, Jason Woodall, Wayne Carpenter, Kaiser Nolton, Genella Phillips, and Tommy Vance. (Docket No. 1).

The Plaintiff's complaint is before the Court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

**I.     PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief.  Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* §

1

1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. Section 1983 Standard

Plaintiff seeks relief pursuant to § 1983. To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law.

*Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

## IV. Alleged Facts

The complaint alleges that the Plaintiff has been subjected to racial discrimination by the Defendants, acting in concert and at times alone, who give preference to Caucasian inmates over African-American inmates. In particular, the complaint alleges that inmate Bobby Teaser, a Caucasian, was released from maximum security custody but that Plaintiff, an African-American inmate, was not released even though both inmates had served their time and complied with all expectations and requirements. Because being held in maximum security custody affects an inmate's ability to accrue good time credits, the Defendants' decision to keep the Plaintiff in maximum security custody affects his release date. The Plaintiff has challenged his custody classification through a series of grievances and appeals, to no avail.

The complaint also alleges that the conditions of maximum security custody at the Riverbend Maximum Security Institution are unconstitutional. For example, the complaint alleges that the inmates are not provided with enough soap or toothpaste and that the Plaintiff, who is indigent, cannot afford to buy these items from the commissary. Further, the complaint alleges that inmates are not provided with enough food. According to the complaint, there are safety issues due to a lack of supervision around inmates while they are showering and smoking. The complaint alleges that food trays are contaminated by rats which crawl on the trays during the night, and by the guards' practice of sliding the trays on the dirty floor. The plaintiff states that he has developed a "nerve

3

sickness" as a result of these conditions of confinement, requiring hospitalization and ongoing medication. (Docket No. 1 at pp. 1-15).

**V.     Analysis**

    **A.     Section 1983 official capacity claims for monetary damages**

The Plaintiff's Section 1983 claims for monetary damages against the individual Defendants in their official capacities (Schofield, Woodall, Carpenter, Nolton, Phillips, and Vance) and against the Tennessee Department of Corrections are barred by the Eleventh Amendment. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 71 (1989). Thus, those claims must be dismissed.

    **B.     Section 1983 failure to respond to grievances claims**

Some of the Plaintiff's Section 1983 claims are premised on a Defendant's response, or lack of response, to the Plaintiff's grievances and/or complaints. Although the Plaintiff may feel that his grievances were not taken seriously or handled properly, a Plaintiff cannot premise a § 1983 claim on allegations that the an institution's grievance procedure was inadequate and/or unresponsive because there is no inherent constitutional right to an effective grievance procedure in the first place. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983)(overruled in part on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995)); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991). Since a prisoner does not have a constitutional right to an effective or responsive grievance procedure, the Plaintiff's claims based on any Defendant's failure to respond to Plaintiff's grievances do not state a claim upon which relief can be granted. These claims will be dismissed.

    **C.     Actionable claims**

Prisoners "are protected under the Equal Protection Clause ... from invidious discrimination based on race.'" *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir.2008) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974)). "In prison housing, the Equal Protection Clause forbids racial classifications absent compelling justifications and a narrowly tailored plan." *Id*. (citing *Johnson v. California*, 543 U.S. 499, 509 (2005)). While "inmates have no right to preferable housing assignments, an inmate, like anyone else, retains the right to be free from government-sponsored race discrimination unsupported by a compelling interest." *Id.* (citations omitted); *Cruz v. Beto*, 405 U.S. 319, 321 (1972) ("[R]acial segregation ... is unconstitutional within prisons, save for 'the necessities of prison security and discipline.'") (quoting *Lee v. Washington*, 390 U.S. 333, 334 (1968)). "Proof of racially discriminatory intent or purpose is required to uphold a racial discrimination claim." *Mullins v. Arms*, 89 F.3d 834 (6th Cir.1996) (citing *Washington v. Davis*, 426 U.S. 229, 239–40 (1976)). " 'Discriminatory purpose' ... implies more than intent as volition or intent as awareness of consequences. It implies that the decisionmaker ... selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979).

The Court finds that, for purposes of the initial screening under the PLRA, the Plaintiff's complaint raises actionable claims against the Defendants for race-based violations of the Fourteenth Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983. Based on the Plaintiff's allegations, the Court will allow these claims to proceed against the Defendants for further development.

Next, the Eighth Amendment imposes an obligation to provide prisoners with reasonably

adequate food, clothing, shelter, sanitation, recreation, and medical care. *Grubbs v. Bradley*, 552 F. Supp. 1052, 1119-1124 (M.D. Tenn. 1982). The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment. *Bellamy v. Bradley*, 729 F.2d 416 (6th Cir. 1984). Consequently, the Court finds that the complaint states colorable Eighth Amendment claims based on the allegations pertaining to the conditions of his confinement. 28 U.S.C. § 1915A.

**VI.     Conclusion**

As set forth above, the following claims fail to state claims upon which relief can be granted under Section 1983: the Plaintiff's claims for monetary damages against the Tennessee Department of Corrections and against the individual Defendants in their official capacities and the Plaintiff's claims based on any Defendant's failure to respond to grievances. These claims must be dismissed.

However, the Court finds that the Plaintiff has stated colorable claims against the Defendants under 42 U.S.C. § 1983 for race-based violations of the Fourteenth Amendment and for conditions of confinement allegedly in violation of the Eighth Amendment. These claims will be permitted to proceed.

An appropriate Order shall be entered.

Aleta A. Trauger
United States District Judge