# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TERRANCE BURKE, ) | |
| ) | |
| PLAINTIFF, ) | No. 3:15-cv-00101 |
| ) | Judge Trauger/Brown |
| v. ) | |
| ) | |
| TENNESSEE DEPARTMENT ) | |
| OF CORRECTION, *et al.*, ) | |
| ) | |
| DEFENDANTS. ) | |

To: The Honorable Aleta A. Trauger, United States District Judge

## REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge **RECOMMENDS** that Plaintiff's Motions for Preliminary Injunction be **DENIED.** (Docket Entry 37, 38, 40, 43, 45).

## I. Background and Procedural History

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed his Complaint alleging civil rights violations that occurred at Riverbend Maximum Security Institution (RMSI) where he is incarcerated. (Docket Entry 1). Plaintiff states multiple claims and seeks the following relief: to be released from maximum security; to have cameras in the maximum security kitchen; to have kitchen stewards assigned to supervise inmates; to improve the maximum security pods; to have the Tennessee Department of Corrections (TDOC) hire a hygienist; to obtain mops; to have TDOC "correct any listed abuse of power, racial misconduct, and unconstitutional standard of living. . . ;" and to obtain bars of soap. (Docket Entry 1, pp. 25-26).

The District Judge referred this action to the Magistrate Judge on March 19, 2015. (Docket Entry 4). On July 16, 2015, Plaintiff filed five Motions for Preliminary Injunction, to

which Defendants have filed a Responses in Opposition and supportive affidavit. (Docket Entry 37, 38, 40, 43, 45, 48 and 49). Plaintiff has filed a Reply without leave of the Court. (Docket Entry 51). The matter is now properly before the Court.

## II. Standard of Review

The Court must balance the following factors when deciding whether to grant a motion for preliminary injunctive relief:

1) Whether the moving party has a strong likelihood of success on the merits;

2) Whether the moving party will suffer irreparable injury without the injunction;

3) Whether the issuance of the injunction would cause substantial harm to others; and

4) Whether the public interest would be served by issuance of the injunction.

FED. R. CIV. P. 65; *United States v. Contents of Accounts,* 629 F.3d 601, 606 (6th Cir. 2011)(citation omitted). When a plaintiff is *pro se*, the Court will review the plaintiff's pleadings under "less stringent standards than formal pleadings drafted by lawyers . . . ." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## III. Analysis

In Plaintiff's first Motion, Plaintiff seeks a preliminary injunction ordering Defendants to provide more food than "3 biscuits and one slot of oatmeal." (Docket Entry 37, p. 1). He claims that inmates are denied food as a form of punishment. (Docket Entry 37, p. 3). He alleges he will suffer harm without proper nutrition. (Docket Entry 37, p. 4).

In Plaintiff's second Motion, Plaintiff seeks a preliminary injunction "to discontinue officers leav[ing] cell blocks vacant during showers and . . . generally to maintain security and safety." (Docket Entry 38, p. 1). He alleges that he will suffer harm if the pods continue to

remain vacant and that, generally, the Motion will serve the public interest against cruel and unusual punishment. (Docket Entry 38, p. 4).

In Plaintiff's third Motion, Plaintiff seeks a preliminary injunction to provide regular bars of soap to inmates. (Docket Entry 40, p. 1). He alleges that instead of soap, he is provided with "a small pack of all in one quick shave plus shower and shampoo." (Docket Entry 40, p. 3). Again, Plaintiff alleges a threat of harm and that the public interest against cruel and unusual punishment will be served by granting the Motion. (Docket Entry 40, p. 4).

In Plaintiff's fourth Motion, Plaintiff seeks a preliminary injunction to obtain "mops and efficient cleaning materials" instead of being required to tear sheets and clothes to mop the floor. (Docket Entry 43, p. 1). He alleges that he will face harm from the unclean environment. (Docket Entry 40, p. 3).

In Plaintiff's fifth Motion, Plaintiff seeks a preliminary injunction to require that inmates be supervised when working in the kitchen. (Docket Entry 45, p. 1). He alleges that he has already suffered harm in the form of a nerve condition and will face even more damage to his body without the injunction. (Docket Entry 45, p. 3).

Here, Plaintiff uses these five Motions for Preliminary Injunction to reiterate many of the claims in his Complaint. It is well settled that "[a] preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally." *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). However, a plaintiff must meet his or her burden and must do more than copy and paste the four factors above. Injunctive relief is considered "an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't,* 305 F.3d 566, 573 (6th Cir. 2002)(citation omitted).

Here, even liberally construing Plaintiff's Motions, the Magistrate Judge finds that Plaintiff fails to meet his burden. Most fatal to Plaintiff's Motions is his failure to demonstrate any likelihood of success on the merits of his claims. Instead, in each Motion, Plaintiff writes that he will show adequate evidence at trial, which is insufficient to meet this burden. Plaintiff also relies on general and conclusory statements that an injunction would not cause substantial harm or that the public interest against cruel and unusual punishment will be served. Finally, Plaintiff relies on general and conclusory statements that he will suffer harm without the injunctions. However, he fails to demonstrate how this harm will be irreparable. In light of the foregoing, the Magistrate Judge cannot conclude that the circumstances clearly demand an injunction. Therefore, the Magistrate Judge finds that Plaintiff has not met his burden to show that the Court should issue any preliminary injunction.

The Magistrate Judge also notes that there has been a recent surge in improper motions for preliminary injunction. Continual misuse of requests for preliminary injunction can justify the Court imposing sanctions under 28 U.S.C. § 1927.

### IV.     Recommendation

For the reasons stated above, the Magistrate Judge **RECOMMENDS** that Plaintiff's Motions for Preliminary Injunction be **DENIED.** (Docket Entry 37, 38, 40, 43, 45).

Under FED. R. CIV. P. 72(b), the parties have fourteen (14) days, after being served with a copy of this Report and Recommendation (R&R) to serve and file written objections to the findings and recommendation proposed herein. A party shall respond to the objecting party's objections to this R&R within fourteen (14) days after being served with a copy thereof. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a

waiver of further appeal. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 *reh'g denied*, 474 U.S 1111 (1986); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

**ENTERED** this 25th day of August, 2015

                                        /s/Joe. B. Brown_____
                                        Joe B. Brown
                                        United States Magistrate Judge