```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                          NASHVILLE DIVISION
```

TERRANCE BURKE 258737,           )
                                 )
          Plaintiff              )
                                 )        No. 3:15-0101
v.                               )        Judge Trauger/Brown
                                 )        **Jury Demand**
TENNESSEE DEPARTMENT             )
OF CORRECTION, *et al.*,         )
                                 )
          Defendants             )

**TO:    THE HONORABLE ALETA A. TRAUGER**

### REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge recommends that the Plaintiff's motions for preliminary injunction be denied (Docket Entries 55 and 57).

### BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed his Complaint alleging civil rights violations that occurred at Riverbend Maximum Security Institution where he is incarcerated. (Docket Entry 1). Plaintiff states multiple claims and seeks the following relief: to be released from maximum security; to have cameras in the maximum security kitchen; to have kitchen stewards assigned to supervise inmates; to improve the maximum security pods; to have the Tennessee Department of Corrections (TDOC) hire a hygienist; to obtain mops; to have TDOC "correct any listed abuse of power, racial misconduct, and unconstitutional standard of living. . . ;" and to obtain bars of soap. (Docket Entry 1, pp. 25-26).

The District Judge referred this case to the Magistrate Judge on March 19, 2015. (Docket Entry 4).

On August 27, 2015, the Plaintiff filed two additional motions for preliminary injunction and restraining order in addition to the five he had previously filed on July 16, 2015 (Docket Entries 37, 38, 40, 43 and 45). The Defendants promptly filed a response in opposition to both motions (Docket Entry 58) pointing out that the new motions simply repeat the allegations of the previous motions and that the Plaintiff is simply seeking to relitigate these issues and waste everyone's time. The motions are now properly before the Court.

**STANDARD OF REVIEW**

The Court must balance the following factors when deciding whether to grant a motion for preliminary injunctive relief:

1) Whether the moving party has a strong likelihood of success on the merits;

2) Whether the moving party will suffer irreparable injury without the injunction;

3) Whether the issuance of the injunction would cause substantial harm to others; and

4) Whether the public interest would be served by issuance of the injunction.

FED. R. CIV. P. 65; *United States v. Contents of Accounts*, 629 F.3d 601, 606 (6th Cir. 2011)(citation omitted). When a plaintiff is *pro se*, the Court will review the plaintiff's pleadings under "less stringent standards than formal pleadings drafted by lawyers . . . ." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

**ANALYSIS**

In his motion (Docket Entry 55) the Plaintiff seeks relief from maximum security and alleges that his security qualification is unconstitutional as being reclassified from a maximum security inmate to a close custody inmate would allow him to wear a blue uniform and to have more freedom. He alleges that even though he is classified as a close custody inmate, he is being treated as a maximum security inmate and not allowed to wear a blue uniform.

Plaintiff states without citation to any facts that being placed in maximum security affects his ability to make parole and forces him to serve the remainder of his sentence without good time.

In his second motion (Docket Entry 57) Plaintiff again refers to his request that he be moved from maximum security to a lesser classification. The Plaintiff does not present any real factual allegations concerning this. He merely states, "The Plaintiff will show with adequate evidence through grievance proceedings at trial that the Defendants violated Plaintiff's birth

3

right to be free from cruel and unusual punishment by forcing Burke to remain on maximum security after Burke properly served his time. . . ." He repeats his conclusions that living conditions are cruel and unusual because he does not have adequate soap or mops for cleaning the floors. He alleges that he has suffered harm due to a nerve condition and that he takes medication. He gives no details concerning the nature of either the nerve condition or the medication that he takes.

As the Defendants state in their response, it is well settled that an inmate does not have a liberty interest in the procedure affecting his classification because the resulting restraint does not impose any atypical or significant hardship in relation to the ordinary incidents in prison life. *Sandin v. Conner*, 515 U.S. 472, 482 (1995). The prisoner has no constitutional right to be incarcerated in a particular prison or to be held in a specific security classification. *Moody v. Daggett*, 429 U.S. 38, n.9 (1976).

As in his first five motions, which have been addressed by the Magistrate Judge in his report and recommendation (Docket Entry 52), the Plaintiff is using these two new motions to reiterate many of his complaints in his earlier request for injunctive relief. Injunctive relief is considered an extraordinary remedy which should be granted only where movant carries his burden of proving that the circumstances clearly demand it. *Overstreet v.*

*Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). Again, even liberally construing the Plaintiff's motions, the Magistrate Judge finds that the Plaintiff has failed to meet his burden and failed to demonstrate any likelihood of success on the merits of his claim. In the motion he writes that he will show adequate evidence at trial, which is insufficient to meet this burden. He also relies on general and conclusory statements that an injunction would not cause substantial harm and the public interest against cruel and unusual punishment will be served.

Finally, Plaintiff relies on general and conclusory statements that he will suffer harm without the injunction. However, he fails to demonstrate how this harm will be irreparable without an injunction. In light of the foregoing, the Magistrate Judge cannot conclude that these two new motions demonstrate the need for injunction.

The Magistrate Judge finds that the Plaintiff has not met his burden to meet the Court's requirements for a preliminary injunction. The Magistrate Judge repeats his caution to the Plaintiff, who has now filed seven motions for preliminary injunction, that the continuing use of requests for preliminary injunction can justify the Court imposing sanctions under 28 U.S.C. § 1927.

## RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that the Plaintiff's motions for preliminary injunctions (Docket Entries 55 and 57) be denied.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

It is so **ORDERED**.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge