**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **TERRANCE BURKE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 3:15-cv-00101** |
| | ) | **Judge Trauger** |
| **v.** | ) | |
| | ) | |
| **TENNESSEE DEPARTMENT OF** | ) | |
| **CORRECTIONS, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# M E M O R A N D U M

On August 25, 2015, the Magistrate Judge issued a Report and Recommendation (R&R) (Docket No. 52) on the Plaintiff's Motions for Preliminary Injunction (Docket Nos. 37, 38, 40, 43, 45), recommending that the motions be denied. The Plaintiff has not filed any Objections to the R&R.

## I.    Introduction

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed his complaint alleging civil rights violations that occurred at Riverbend Maximum Security Institution (RMSI) where he is incarcerated. (Docket No. 1). Plaintiff states multiple claims and seeks the following relief: to be released from maximum security; to have cameras in the maximum security kitchen; to have kitchen stewards assigned to supervise inmates; to improve the maximum security pods; to have the Tennessee Department of Corrections (TDOC) hire a hygienist; to obtain mops; to have TDOC "correct any listed abuse of power, racial misconduct, and unconstitutional standard of living. . . ;" and to obtain bars of soap. (Docket No. 1 at pp. 25-26).

The court referred this action to the Magistrate Judge on March 19, 2015 for case

management.  (Docket No. 4).  On July 16, 2015, Plaintiff filed five Motions for Preliminary Injunction, to which Defendants have filed Responses in Opposition and supportive affidavits. (Docket Nos.  37, 38, 40, 43, 45, 48 and 49). Plaintiff has replied to those Responses. (Docket No. 51).

In Plaintiff's first Motion, Plaintiff seeks a preliminary injunction ordering Defendants to provide more food than "3 biscuits and one slot of oatmeal." (Docket No. 37 at p. 1).  He claims that inmates are denied food as a form of punishment and alleges that he will suffer harm without proper nutrition. (*Id*. at pp. 3-4).

In Plaintiff's second Motion, Plaintiff seeks a preliminary injunction "to discontinue officers leav[ing] cell blocks vacant during showers and . . . generally to maintain security and safety." (Docket No. 38 at p. 1).  He alleges that he will suffer harm if the pods continue to remain vacant and that, generally, the Motion will serve the public interest against cruel and unusual punishment. (*Id.* at p. 4).

In Plaintiff's third Motion, Plaintiff seeks a preliminary injunction to provide regular-sized bars of soap to inmates. (Docket No. 40 at p. 1).  He alleges that instead of soap, he is provided with "a small pack of all in one quick shave plus shower and shampoo." (*Id*. at  p. 3). Again, Plaintiff alleges a threat of harm and that the public interest against cruel and unusual punishment will be served by granting the Motion. (*Id*. at p. 4).

In Plaintiff's fourth Motion, Plaintiff seeks a preliminary injunction to obtain "mops and efficient cleaning materials" instead of being required to tear sheets and clothes to mop the floor. (Docket No.  43 at p. 1).  He alleges that he will face harm from the unclean environment. (*Id*. at p. 3).

In Plaintiff's fifth Motion, Plaintiff seeks a preliminary injunction to require that inmates be supervised when working in the kitchen. (Docket No. 45 at p. 1). He alleges that he has already suffered harm in the form of a nerve condition and will face even more damage to his body without the injunction. (*Id*. at p. 3).

## II.    <u>Report and Recommendation</u>

In the R&R (Docket No. 52), the Magistrate Judge concludes that, even liberally construing Plaintiff's Motions for Preliminary Injunction, Plaintiff fails to meet his burden under Rule 65 of the Federal Rules of Civil Procedure to warrant the granting of a preliminary injunction for any of the reasons set forth in the five Motions. The Magistrate Judge finds that Plaintiff  fails to demonstrate any likelihood of success on the merits of his claims, relying instead on general and conclusory statements;  relies on general and conclusory statements that an injunction would not cause substantial harm or that the public interest against cruel and unusual punishment will be served; relies on general and conclusory statements that he will suffer harm without the injunctions; and fails to demonstrate how this harm will be irreparable.  Therefore, the Magistrate Judge recommends that the Plaintiff's motions should be denied.

## III.    <u>Standard of Review</u>

Here, the Magistrate Judge's R&R concerns a dispositive pretrial matter.  Under Federal Rule of Civil Procedure 72(b), the district court must review any portion of the R&R to which a specific objection is made under the *de novo* standard.  *Id*.; 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001).

## IV.    <u>Plaintiff's Objections to the R&R</u>

The Plaintiff has filed no Objections to the Magistrate Judge's recommendation to deny the Plaintiff's Motions for Preliminary Injunction.

**V.**     **Conclusion**

After reviewing the pleadings and the record, the court agrees with the Magistrate Judge's analysis and recommendation and finds that the Plaintiff's Motions for Preliminary Injunction (Docket Nos. 37, 38, 40, 43, and 45) should be denied. This decision does not mean that the Plaintiff's case is over. The Plaintiff may still pursue his claims; however, the Plaintiff has not demonstrated that injunctive relief is warranted at this time. Accordingly, the R&R (Docket No. 52) will be adopted and approved.

An appropriate order will follow.

Aleta A. Trauger
United States District Judge