UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TERRANCE BURKE, | ) |
| | ) |
| Plaintiff, | )   No. 3:15-cv-00101 |
| | )   Judge Trauger |
| v. | ) |
| | ) |
| TENNESSEE DEPARTMENT OF | ) |
| CORRECTIONS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **M E M O R A N D U M**

On September 4, 2015, the Magistrate Judge issued a Report and Recommendation (R&R) (Docket No. 60) as to the Plaintiff's Motions for Preliminary Injunction (Docket Nos. 55 and 57), recommending that the Motions be denied.

Pending before the court are Objections to the R&R timely filed by the Plaintiff (Docket No. 64) and a Motion to Strike (Docket No. 65), also filed by the Plaintiff. For the reasons discussed below, the court finds that the Plaintiff's Motion to Strike should be denied and Plaintiff's Objections lack merit and should be overruled.

**I.    Introduction**

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed his complaint alleging civil rights violations that occurred at Riverbend Maximum Security Institution (RMSI) where he is incarcerated. (Docket No. 1). Plaintiff states multiple claims and seeks the following relief: to be released from maximum security; to have cameras in the maximum security kitchen; to have kitchen stewards assigned to supervise inmates; to improve the maximum security pods; to have the Tennessee Department of Corrections (TDOC) hire a hygienist; to obtain mops; to have TDOC

1

"correct any listed abuse of power, racial misconduct, and unconstitutional standard of living. . . ;" and to obtain bars of soap. (Docket No. 1 at pp. 25-26).

The court referred this action to the Magistrate Judge on March 19, 2015 for case management. (Docket No. 4). On July 16, 2015, Plaintiff filed five Motions for Preliminary Injunction, to which Defendants filed Responses in Opposition and supportive affidavits. (Docket Nos. 37, 38, 40, 43, 45, 48 and 49). On August 25, 2015, the Magistrate Judge issued an R&R (Docket No. 52) as to the Plaintiff's Motions, recommending that the Motions be denied. By Order and Memorandum entered on October 6, 2015, the court adopted and approved the R&R and denied the Plaintiff's Motions. (Docket Nos. 66 and 67).

On August 27, 2015, the Plaintiff filed two additional Motions for Preliminary Injunction and Restraining Order. (Docket Nos. 55 and 57). The Defendants filed a Response in opposition to both Motions (Docket No. 58), contending that the new Motions simply repeated the allegations of the previous Motions.

In Plaintiff's sixth Motion for Preliminary Injunction (Docket No. 55)[1] and the first to be considered by the Magistrate Judge in the R&R currently before the court, Plaintiff seeks relief from being transferred from Riverbend Maximum Security Institution to the Morgan County Correctional Complex and being classified and/or treated as a maximum security inmate. According to Plaintiff, he has already served his time in maximum security and should no longer be classified as a maximum security inmate; instead, he alleges that he should be classified as a "close custody" inmate. Close custody inmates, as Plaintiff explains, wear blue uniforms and have more freedom than maximum security inmates. However, according to Plaintiff, at his new place of incarceration,

---

[1] The court notes that Plaintiff titled this Motion an "Amended Motion for Preliminary Injunction and Restraining Order." (Docket No. 55).

2

close custody inmates are housed in a maximum security pod and treated like maximum security inmates. In addition, Plaintiff alleges that being treated as a maximum security inmate affects his ability to make parole and obtain good time credits.

In Plaintiff's seventh Motion for Preliminary Injunction (Docket No. 57) and the second to be considered by the Magistrate Judge in the R&R currently before the court, Plaintiff repeats his allegations concerning his security classification. He also alleges that his living conditions constitute cruel and unusual punishment because he does not have adequate soap for personal hygiene use or mops for cleaning his cell floors. He alleges that he has suffered harm due to a nerve condition.

## II.     **Report and Recommendation**

In the R&R (Docket No. 60), the Magistrate Judge concludes that, even liberally construing Plaintiff's Motions for Preliminary Injunction, Plaintiff fails to meet his burden under Rule 65 of the Federal Rules of Civil Procedure to warrant the granting of a preliminary injunction for any of the reasons set forth in his most recent two Motions.

The Magistrate cites *Sandin v. Connor*, 515 U.S. 472, 482 (1995), for the well settled point of law that inmates do not have a liberty interest in the procedure affecting their classifications because the resulting restraint does not impose any atypical or significant hardship in relation to the ordinary incidents in prison life. He also notes that prisoners have no constitutional right to be incarcerated in a particular prison or to be held in a specific security classification. The Magistrate Judge finds that Plaintiff fails to demonstrate any likelihood of success on the merits of his claims, relying instead on general and conclusory statements; relies on general and conclusory statements that an injunction would not cause substantial harm or that the public interest against cruel and

3

unusual punishment will be served; relies on general and conclusory statements that he will suffer harm without the injunctions; and fails to demonstrate how this harm will be irreparable. Therefore, the Magistrate Judge recommends that the Plaintiff's motions should be denied.

### III. Standard of Review

Here, the Magistrate Judge's R&R concerns a dispositive pretrial matter. Under Federal Rule of Civil Procedure 72(b), the district court must review any portion of the R&R to which a specific objection is made under the *de novo* standard. *Id.*; 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001).

### IV. Plaintiff's Objections to the R&R and Motion to Strike

The Plaintiff has filed Objections to the Magistrate Judge's recommendation to deny the Plaintiff's Motions for Preliminary Injunction. (Docket No. 64).

The Plaintiff's first Objection is that the court should grant his request for an injunction because Defendants failed to provide Plaintiff with a copy of their Response (Docket No. 58) to Plaintiff's two most recent Motions for a Preliminary Injunction (Docket Nos. 55 and 57). This Objection is also the purpose of Plaintiff's pending Motion to Strike (Docket No. 65) the Response with which the Plaintiff alleges he was never served.

The Certificate of Service included in Defendants' Response (Docket No. 58 at p. 2) certifies that a copy of the Response was served by regular U.S. mail upon Plaintiff at the Riverbend Maximum Security Institution. Plaintiff previously was incarcerated at Riverbend, but he has since been transferred to the Morgan County Correctional Complex. Plaintiff submitted his Notice of Change of Address to the court and to Defendants on August 27, 2015. (Docket No. 54). Thus, Defendants should have known to mail a copy of their Response to Plaintiff at his new address.

4

The Clerk will be directed to mail a copy of Defendants' Response to Plaintiff. In the future, Defendants should take care to direct all mail to Plaintiff at his new address.

Nevertheless, it does not appear that Plaintiff has suffered any harm as a result of not having received Defendants' Response. Plaintiff filed timely Objections to the Magistrate Judge's R&R. Based on Plaintiff's Objections and the record before the court, the court does not believe that the disposition of Plaintiff's pending motions would be any different had Plaintiff been provided with Defendants' Response prior to filing his Objections. Therefore, Plaintiff's first Objection is overruled, and Plaintiff's Motion to Strike will be denied.

The Plaintiff's second Objection is that the court misunderstands the effect of Plaintiff being treated as a maximum security inmate at the Morgan County Correctional Complex, even though Plaintiff is classified as a close custody inmate. Plaintiff contends that the Board of Parole has a policy that no maximum security inmate can be granted parole. Consequently, by treating Plaintiff as a maximum security inmate even though he alleges that he is classified and should be classified as a close custody inmate, Defendants are effectively removing any chance for Plaintiff to be granted parole. In addition, but less importantly, Plaintiff alleges that he receives fewer privileges as a maximum security inmate such as 23-hour lock-downs.

With regard to this issue, the Magistrate Judge found that Plaintiff "relies on general and conclusory statements that he will suffer harm without the injunction" and "fails to demonstrate how this harm will be irreparable without an injunction." (Docket No. 60 at p. 5). However, the court respectfully disagrees with these particular findings. Plaintiff has explained with specificity the harm he claims he will suffer as a result of being effectively reclassified as a maximum security inmate: he will not be permitted an opportunity to seek parole while serving his sentence and he will

5

be placed on a 23-hour lockdown. However, the court agrees with the Magistrate Judge that Plaintiff cannot meet his burden on this claim because Plaintiff likely cannot demonstrate a likelihood of success on the merits.

Here, as the court understands it, Plaintiff's due process claim is that his effective reclassification to a maximum security inmate deprives him of the accrual of good time or sentence credits and more importantly, the opportunity for parole. However, Tennessee law and regulations do not create a right to parole, *Wright v. Trammel*, 810 F.2d 589, 591 (6th Cir. 1987), or to earn sentence credits. *See Tenn. Code Ann.* § 41-21-236(a)(2)(2014). Thus, there is no right to due process in connection with segregation, transfer, or classification decisions that have such an uncertain effect on a particular inmate's release. *See Frazier v. Hesson*, 40 F. Supp.2d 957, 964, 966 (W.D. Tenn. 1999)(explaining that *Heck* and *Balisok* "reinforce the Court's conclusion that neither confinement to segregation, transfers, nor increased security classifications constitute custody because they do not directly lengthen the duration of confinement" and, further, "In Tennessee . . . the effect of sentence credits is only to affect a release eligibility date, which is nothing more than a unilateral expectancy. It is thus devoid of due process protections.").

As a result, even though Plaintiff has set forth the harm he believes his reclassification is causing and will cause for him at his new place of incarceration, it does not appear that relief is available to Plaintiff for this alleged harm by way of a due process claim brought pursuant to § 1983. Consequently, Plaintiff is not entitled to injunctive relief on this claim, and Plaintiff's second Objection to the R&R is overruled.

Plaintiff's third and final Objection to the R&R is that the conditions of his confinement, in particular the lack of enough soap for personal hygiene and a mop for cleaning his cell floor,

constitute cruel and unusual punishment from which Plaintiff seeks immediate injunctive relief. As the Magistrate Judge notes in R&R, this request simply repeats the Plaintiff's previous Motion for Preliminary Injunction on this basis, and the court already has denied Plaintiff's request. Plaintiff presents no new facts or argument that persuade the court to alter its previous ruling. As a result, Plaintiff's third Objection is overruled.

**V.     Conclusion**

After reviewing the pleadings and the record, and considering the Plaintiff's specific Objections to the Magistrate Judge's Report and Recommendation entered on September 4, 2015, the court agrees with the Magistrate Judge's analysis and recommendation and finds that the Plaintiff's Motions should be denied. Therefore, the Plaintiff's Objections will be overruled, and the R&R will be adopted and approved.

An appropriate order will follow.

Aleta A. Trauger  
United States District Judge